IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROGER BERRY, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 4:12-CV-25-CDL-MSH |
| v. | : | |
| | : | 28 U.S.C. § 2241 |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On January 24, 2012, Petitioner Berry, who is currently in the physical custody of the United States Immigration and Customs Enforcement ("ICE") at the Stewart County Detention Center in Lumpkin, Georgia, filed the above-styled action. (ECF No. 1.) On March 13, 2012, the Court ordered Respondents to file a responsive pleading within sixty days, which was so filed on May 22, 2012, in the form of a Motion to Dismiss. (ECF No. 12). Petitioner was notified of his right to respond (ECF No. 13), which he did on June 20, 2012 (ECF No. 14). Respondents filed a reply on June 26, 2012. (ECF No. 15.) Petitioner has also filed a motion for a writ of injunction on April 26, 2012. (ECF No. 11.) For the reasons stated below, Respondent's motion to dismiss should be granted and Petitioner's request for a writ of injunction should be denied.

### PETITIONER'S CLAIMS

Petitioner makes several claims in his complaint. On one hand, Petitioner contends that he is an American citizen who was born in Jamaica, Queens, New York.

(Pet. 1, ECF No. 1.)  Later in his complaint, Petitioner argues that he "is not a citizen of the United States subject to its jurisdiction" because he is a Moor.  (Pet. 14.)  Because the crux of Petitioner's argument is that he is being held unlawfully, Court deems Petitioner's pleadings to be a petition for habeas relief pursuant to 28 U.S.C. § 2241.  (ECF NO. 1.)

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia.  (ECF No. 1)

2. Petitioner is a native and citizen of Jamaica who entered the United States on or about January 12, 1978.  (Resp'ts' Ex. B, p. 3; ECF NO. 12.)

3. On February 13, 1997, Petitioner pled guilty to second degree murder and first degree kidnapping in Cumberland County, North Carolina, and sentenced to forty years in prison. (Resp'ts' Ex. C.)  Upon being paroled, Petitioner was taken into ICE custody.  (*Id.*)

4. On September 20, 2011, Petitioner was served with a Notice to Appear ("NTA") and refused to sign said Notice.  (Resp'ts' Ex. B.)

5. On January 17, 2012, Petitioner was ordered to be removed by an immigration judge where the judge found that Petitioner's crimes were deemed aggravated felonies under 8 U.S.C. § 1101(a)(43)(R), thus making Petitioner deportable. *Id.*

6. Petitioner then filed an appeal with the Board of Immigration Appeals ("BIA") on February 23, 2012. (*Id.* at Ex. A-11.)  The case was remanded to the Immigration Judge for a full decision.  (Resp'ts' Ex. F.)

7. On May 14, 2012, a new hearing was held and Petitioner was again ordered to be removed to his native country of Jamaica.  (Resp'ts' Ex. G.)

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and

2

exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id*.  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id*. at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.     Finality of Removal Order

Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), directs the Attorney General to take into custody any alien who is removable from this country because he has been convicted of at least one of a specified set of crimes.[1]  The alien may not be released during removal proceedings, which includes

---

1 (1) Custody
The Attorney General shall take into custody any alien who—
    (A) is inadmissible by reason of having committed any offense covered in section 1182 (a)(2) of this title,
    (B) is deportable by reason of having committed any offense covered in section 1227 (a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
    (C) is deportable under section 1227 (a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [1] to a term of imprisonment of at least 1 year, or
    (D) is inadmissible under section 1182 (a)(3)(B) of this title or deportable under section 1227 (a)(4)(B) of this title,

judicial review of the administrative removal order.  *See* 8 U.S.C. § 1226(c)(1).  The statute states that it is immaterial whether the alien is not a danger to society or a flight risk.  *Id.*  In this case, Petitioner was convicted of murder and kidnapping which subject him to the mandatory provisions of section 236(c) of the INA.

The United States Supreme Court has upheld the validity of mandatory detention of aliens during removal proceedings.  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court flatly rejected a detained alien's constitutional attack on the validity of section 236(c) of the Act, which provides for the mandatory detention (without a bond hearing) of certain criminal aliens. The alien in *Demore* was a lawful permanent resident, who complained that section 236(c) violated the Due Process Clause of the Fifth Amendment because it requires detention without an administrative determination that the alien is a danger to society or a flight risk. *Id.* at 514.  The Supreme Court squarely held that section 236(c) was valid.  *Id.* at 531.  "Detention during removal proceedings is a constitutionally permissible part of that process." *Id.*  The Court noted that, while the Fifth Amendment entitles aliens to the protection of due process in deportation proceedings,

> [the] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process. As [the Court] said more than a century ago, deportation proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character."

---

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Demore*, 538 U.S. at 523 (citations omitted).  As the Court explained, "Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528.

In this case, there is no evidence that Petitioner's removal order is now administratively final.  Therefore, Petitioner's petition fails to state a cognizable claim for habeas corpus relief because it is determined that ICE has proper custody of Petitioner pursuant to Section 236(c) of the INA.

## IV.    Petition for Writ of Injunction

As noted, Petitioner has also filed for a writ of injunction in this case.  Because it has been determined that Petitioner is not entitled to the habeas relief he seeks, it is recommended that Petitioner's motion for a writ of injunction be DENIED.

## CONCLUSION

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be **GRANTED** and his motion for a writ of injunction be **DENIED** for the foregoing reasons.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 23rd day of October, 2012.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE